IN THE IOWA DISTRICT COURT IN AND FOR CEDAR COUNTY

| | |
|---|---|
| **BRYCE YAKISH,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**ROBERT SMITH,**<br><br>   **Defendant** | No. CV19-120-KEM  _____<br><br>**PETITION AT LAW AND JURY DEMAND** |

COMES NOW Bryce Yakish and for his cause of action against the defendant states:

### PARTIES

1. Plaintiff Bryce Yakish is a resident of Scott County, Iowa.

2. Defendant Robert Smith is a resident of Cedar County and was at all times relevant acting under color of State law by virtue of his position as an Iowa State Trooper.

### FACTUAL ALLEGATIONS

3. On September 25, 2017 at approximately 11:15 PM, Bryce Yakish (herein "Bryce") was traveling westbound on Interstate 80 heading toward Cedar Rapids from his home in Davenport. He was riding his motorcycle.

4. Bryce decided to get off the interstate and stop at a convenience store near the West Liberty exit, number 259.

5. When he got to the end of the exit ramp, he made a left-hand turn and headed toward the BP station located there.

6. As he was about to enter the driveway into the BP station, he heard a police siren behind him and noticed police overhead lights.

7. As he entered the driveway he pulled straight ahead, stopped, and got off his motorcycle.

8. All of this was captured on the dashcam video of Iowa State Trooper Robert Smith's vehicle. The video can be found at this link:

https://www.youtube.com/watch?v=sXRCtL9HxBA#action=share

9. Trooper Smith got out of his vehicle, pulled his service weapon, aimed it at Bryce, and proceeded to assault Bryce, knocking him over and onto his motorcycle.

10. Trooper Smith then grabbed and dragged Bryce away from the motorcycle and placed his knee at the junction of Bryce's motorcycle helmet and neck.

11. Trooper Smith then compounded his assault by charging Bryce with eluding a State trooper and reckless driving.

12. It turned out that Trooper Smith never saw Bryce before he left the roadway on Interstate 80. Therefore, he could not have seen how fast Bryce was driving.

13. And, as reflected in the dash cam video, Trooper Smith never turned on his police lights or the police siren until after he had come off the interstate.

14. In fact, Trooper Smith did not turn on his siren until he was practically on top of Bryce turning into the BP station.

15. Notwithstanding that, Trooper Smith chose to continue with the false charges and arrest, taking Bryce to the Cedar County Jail where Bryce spent the night.

16. Bryce's motorcycle was impounded, the right side of his motorcycle having been damaged by the assault, and Bryce was forced to defend himself.

17. As a result of the false charges, Bryce Yakish lost his driver's license.

18. Further, as a result of the assault, Bryce required chiropractic treatment for a neck injury.

19. The written complaint filed by Trooper Smith under oath made the following false statements:

a. He had "observed a red 2011 Honda CBR traveling westbound on I-80 and checked its speed with radar at 84 mph in a marked 70 mph zone."

b. "When I pulled out to catch up with the Motorcycle the driver accelerated to a very high rate of speed, which he continued to pull away from me until my speed was well over 100 mph."

c. "As I attempted to catch up with the Motorcycle I activated my traffic lights and siren."

d. "I notified State Radio of the pursuit and continued my attempt to catch up with the Motorcycle."

e. "The driver of the Motorcycle exited I-80 at the West Liberty Exit and ran the stop sign at the end of the Off-Ramp as he turned southbound onto X-40."

f. "As I pulled into the driveway behind the Motorcycle the driver attempted a U-Turn in front of me."

g. "As the driver turned the Motorcycle I kept moving the nose of my Patrol Car in front of him blocking his exit."

h. "After being advised of his rights, Yakish denied that he was trying to elude me but described his actions as just having fun."

  i.  "Yakish admitted that he had sped up after driving past my Patrol Car and described his speed as 105 to 110 mph."

 20.  The video came to public light in a later investigation triggered by complaints about Trooper Smith by the Cedar County Sheriff.

## CAUSES OF ACTION

 1.  Bryce Yakish contends that Trooper Smith violated his United States Constitutional rights, as follows:

  a.  His right to be free from unreasonable search and seizure as protected by the 4th and 14th Amendment to the U.S. Constitution;

  b.  His right to privacy, to liberty, to property, to procedural due process and to substantive due process as protected by the 5th and 14th Amendments to the U.S. Constitution.

 2.  Bryce claims that he suffered physical pain and mental suffering and economic loss as a result of the unlawful acts outlined above.

 3.   Those rights were violated by Defendant in at least the following ways:

  a. By pulling him over without probable cause; and

  b. By pointing a weapon at him without probable cause; and

  c. By using excessive force to accomplish an arrest; and

  d. By charging Bryce Yakish with the crimes of eluding and reckless driving without probable cause; and

  e.  By filing a false Complaint and Affidavit with the Cedar County District Court.

 3.   Bryce Yakish asserts a claim against Robert Smith for violation of 42 U.S.C. §1983. The claims against Robert Smith are in his individual capacity.

4.  Because of the violation of 42 U.S.C. §1983, Bryce Yakish has suffered damages that include, but are not limited to, medical expenses, physical pain and emotional distress, loss of income, loss of reputation, and attorney fees and expenses in defending against false charges.

5.  In addition, Bryce Yakish seeks punitive damages sufficient to punish the Defendant, in an amount that will deter him, and others similarly situated, from such conduct in the future. He also seeks attorney's fees for violation of 42 USC §1983.

6.  The damages claimed exceed the jurisdictional limits pursuant to Rule 6.105 of the Iowa Rules of Appellate Procedure.

WHEREFORE, Plaintiff prays for judgment against defendant for a reasonable amount sufficient to compensate him, together with punitive damages, statutory attorney fees and expenses, and for interest and costs as provided by law.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all fact issues in this case.

Respectfully submitted,

/s/ Martin A. Diaz_____
Martin A. Diaz 000009676
ICIS AT0002000
1570 Shady Ct NW
Swisher, IA 52338
 phone     319 339 4350
 facsimile  319 339 4426
 marty@martindiazlawfirm.com

    /s/ M. Victoria Cole_____
M. Victoria Cole    AT0001678
M. Victoria Cole Law Firm, P.C.
2310 Johnson Avenue, NW
Cedar Rapids, Iowa 52405