# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| BRYCE YAKISH,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT SMITH,<br><br>    Defendant. | Case No. C19-0120-KEM<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION AT LAW AND JURY DEMAND** |

COMES NOW Defendant Robert Smith, through undersigned counsel, and for his Answer to Plaintiff's Petition at Law and Jury Demand, states as follows:

## PARTIES

1. Defendant denies the allegations of paragraph 1 for lack of information and knowledge upon which to form a belief.

2. Defendant admits the allegations of paragraph 2.

## FACTUAL ALLEGATIONS

3. Defendant denies that Bryce Yakish was headed towards Cedar Rapids from his home in Davenport for lack of information and knowledge upon which to form a belief. Defendant admits the remaining allegations of paragraph 3.

4. Defendant denies the allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

6. Defendant denies the allegations of paragraph 6 for lack of information and knowledge upon which to form a belief.

1

7. Defendant denies Plaintiff pulled straight ahead prior to stopping his motorcycle. Defendant admits the remaining allegations of paragraph 7.

8. Defendant admits some of the events at issue were captured on dashcam video but denies the implication the dashcam captures the events occurred as characterized by Plaintiff.

9. Defendant denies he assaulted Bryce, and further denies the implication he intentionally knocked him over and onto his motorcycle. Defendant admits the remaining allegations of paragraph 9.

10. Defendant denies he dragged Bryce, and further denies he placed his knee at the junction of Bryce's motorcycle helmet and neck. Defendant admits the remaining allegations of paragraph 10.

11. Defendant admits he charged Bryce with eluding. Defendant denies the remaining allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant admits he did not turn on his police siren until after he had come off the interstate. Defendant denies the remaining allegations of paragraph 13.

14. Defendant admits he did not turn on his siren until shortly before he was turning into the BP station. Defendant denies the remaining allegations of paragraph 14.

15. Defendant admits he took Bryce to the Cedar County Jail, where Bryce spent the night. Defendant denies the remaining allegations of paragraph 15.

16. Defendant denies he assaulted Bryce, and further denies the implication Bryce was unfairly forced to defend himself against criminal charges. Defendant admits the remaining allegations of paragraph 16.

17. Defendant denies Bryce Yakish lost his driver's license for lack of information and knowledge upon which to form a belief. Defendant denies the remaining allegations of paragraph 17.

18. Defendant denies Bryce required chiropractic treatment for a neck injury for lack of information and knowledge upon which to form a belief. Defendant denies the remaining allegations of paragraph 18.

19. Defendant admits his written complaint included the statements listed in subparts a through i of paragraph 19, but denies the allegation the statements were false.

20. Defendant denies the allegations of paragraph 20 for lack of information and knowledge upon which to form a belief.

## CAUSES OF ACTION

1. Defendant denies he violated Plaintiff's rights under the United States Constitution as enumerated in subparts a through b of paragraph 1.

2. Defendant denies he committed any unlawful acts, and further denies Plaintiff suffered the damages claimed in paragraph 2.

3. Defendant denies he violated Plaintiff's rights under the United States Constitution in any of the ways listed in subparts a through e of paragraph 3.

3. Defendant admits Plaintiff brings his claim pursuant to 42 U.S.C. § 1983, and that the claim is brought against Defendant in his individual capacity.

4. Defendant denies he violated Plaintiff's rights under the United States Constitution, and further denies Plaintiff suffered the damages claimed in paragraph 4.

5. Defendant denies Plaintiff is entitled to the damages claimed in paragraph 5.

3

6. The allegations of paragraph 6 require no response.

WHEREFORE, Defendant Robert Smith respectfully requests that Plaintiff's Petition at Law and Jury Demand be dismissed with costs assessed to Plaintiff.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant Robert Smith and sets forth the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Defendant is shielded from liability by the doctrine of qualified immunity.

3. Plaintiff's claims are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny.

4. Plaintiff's claims are barred by the holding in *Malady v. Crunk*, 902 F.2d 10 (8th Cir. 1990) and its progeny.

5. Plaintiff has failed to mitigate his damages, if any.

Respectfully submitted,

THOMAS J. MILLER
Attorney General of Iowa

 /s/ NICHOLAS E. SIEFERT
NICHOLAS E. SIEFERT (AT0012993)
Assistant Attorney General
Special Litigation Division
Hoover Office Building
Des Moines, IA 50319
Telephone: (515) 281-6665
Fax: (515) 281-4902
Email: nick.siefert@ag.iowa.gov
ATTORNEYS FOR DEFENDANT

4

All parties served electronically.

**Proof of Service**
The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on this date: November 27, 2019.
☐ U.S. Mail ☐ Fax
☐ Hand Delivery ☐ Overnight Courier
☐ Email X Other: EDMS

Signature: /s/ Nicholas Siefert