# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

BRYCE YAKISH,

    Plaintiff,

vs.

ROBERT SMITH and STATE OF IOWA,

    Defendants.

No. 19-CV-120-CJW-KEM

**ORDER**

_____

    This matter is before the Court on defendant Robert Smith's ("Smith") Partial Motion to Dismiss filed on April 14, 2020. (Doc. 15). On April 27, 2020, plaintiff timely filed a resistance. (Doc. 18). On May 4, 2020, Smith timely filed a reply. (Doc. 21). Neither party requested oral argument. For the following reasons, the Court **grants** Smith's motion.

## I.     *RELEVANT BACKGROUND*

    The alleged facts are contained in plaintiff's Amended Complaint. (Doc. 13, at 1-4). On September 25, 2017, plaintiff was travelling via motorcycle on Interstate 80 from Davenport, Iowa to Cedar Rapids, Iowa. (*Id.*, at 1). Plaintiff exited the interstate to stop at a convenience store. (*Id.*, at 2). As he entered the driveway of the convenience store, plaintiff noticed police sirens and lights behind him. (*Id.*). Plaintiff pulled ahead, stopped, and got off his motorcycle. (*Id.*). Smith, an Iowa State Trooper, then allegedly got out of his police vehicle, pulled out his firearm, aimed it at plaintiff, and pushed plaintiff backward, causing him to fall over his motorcycle. (*Id.*). Smith then allegedly grabbed plaintiff and dragged him away from his motorcycle, placing his knee on plaintiff's neck in the process. (*Id.*). The encounter was captured by Smith's dashcam.

Plaintiff was charged with eluding and reckless driving by Smith. (*Id.*). Plaintiff spent the rest of that night in the Cedar County Jail. (*Id.*, at 3). Plaintiff's motorcycle was impounded and allegedly suffered damage. (*Id.*). Plaintiff also lost his driver's license as a result of the arrest and alleges he required chiropractic treatment for his neck. (*Id.*).

On September 10, 2019, plaintiff filed a petition and jury demand in the Iowa District Court for Cedar County against Smith. (Doc. 1-3). Plaintiff sought relief under Title 18, United States Code, Section 1983 ("Count 1") and requested punitive damages. (*Id.*, at 4-5). On October 30, 2019, this case was removed to this Court by Smith. (Doc. 1). On November 27, 2019, Smith filed his answer. (Doc. 6). On March 31, 2020, plaintiff filed an Amended Complaint which reflected his exhaustion of administrative requirements, added the State of Iowa as a defendant, and added two causes of action against both defendants. (Doc. 13). Specifically, plaintiff added a claim for violation of his rights against unreasonable searches and seizures and rights to privacy, liberty, property, procedural due process, and substantive due process under Article I, Sections 1, 8, and 9 of the Iowa Constitution ("Count 2") and a claim for intentional infliction of emotional distress ("IIED") ("Count 3"). (Doc. 13). On April 14, 2020, Smith filed the motion now before the Court along with an amended answer. (Docs. 15 & 16).

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 8(a) provides a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction [and] of the claim showing that the pleader is entitled to relief . . . and a demand for the relief sought." Federal Rule of Civil Procedure 12(b)(1) allows dismissal if a moving party shows a claim on its face fails to establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Federal Rule of Civil Procedure 12(b)(6) provides a party may assert the defense of failure to state a claim upon which relief can be granted by motion and "[a] motion asserting [this] defense[ ] must be made before pleading if a responsive pleading is allowed." The movant "bears

the burden to demonstrate the 'plaintiff can prove no set of facts in support of a claim entitling him to relief.'" *Rossley v. Drake Univ.*, No. 4:17-cv-00058-RGE-SBJ, 2017 WL 7693389, at *2 (S.D. Iowa Dec. 20, 2017) (citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). "[T]here is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." *Leimer v. State Mut. Life Assur. Co. of Worcester*, 108 F.2d 302, 306 (8th Cir. 1940).

### III. ANALYSIS

In his motion, Smith requests the Court dismiss him as a defendant on Counts 2 and 3 of plaintiff's Amended Complaint. (Doc. 15). Smith argues these claims are "premised on [his] allegedly wrongful acts" taken while he "was acting within the scope of his employment as an Iowa State Trooper," thus requiring dismissal. (*Id.*, at 1).

The Iowa Tort Claims Act ("ITCA"), contained in Chapter 669 of the Iowa Code, states a 'claim' is defined as including:

> [a]ny claim against an employee of the state [of Iowa] for money only, on account of damage to or loss of property or on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the state while acting within the scope of the employee's office or employment.

IOWA CODE § 669.2(3)(b). This definition encompasses "claims arising under the Constitution, statutes, or rules of the United States or of any state." IOWA CODE § 669.21(1). The ITCA provides that after the Attorney General of Iowa ("the AG")

certifies a defendant state employee was acting within the scope of their employment at the time of the conduct at issue, the matter is "deemed to be an action against the state" instead of the individual employee. IOWA CODE § 669.5(2)(a).

### A. *Intentional Infliction of Emotional Distress*

As to his IIED claim, plaintiff argues the AG has not yet certified Smith was acting within the scope of his state employment at the time of the conduct at issue. (Doc. 18, at 3-4). Thus, plaintiff argues dismissal is inappropriate. Plaintiff concedes that, should the AG issue such a certification, his IIED claim would be properly dismissed as to Smith. (*Id.*, at 4).

Smith's motion, filed by the AG, repeatedly states Smith was acting within the scope of his employment during the alleged conduct at issue. (Docs. 15, at 1 & 15-1, at 1, 3-4). Thus, although the AG has not issued a formal certification, the Court deems this fact admitted for purposes of this litigation. Because plaintiff has no other objection to dismissal of his IIED claim against Smith, the Court finds dismissal on this issue to be uncontested.

Thus, Smith's Partial Motion to Dismiss is **granted** on this issue (Doc. 15) and plaintiff's claim for IIED in Count 3 of his Amended Complaint (Doc. 13, at 7-8) is **dismissed** as to Smith.

### B. *Claims under the Iowa Constitution*

As to his Iowa constitutional claims in Count 2, plaintiff asserts such claims have "not yet been determined to be encompassed by" the ITCA. (Doc. 18, at 4). Plaintiff asserts his right to relief on Count 2 arises under the Iowa Constitution, not the ITCA. (*Id.*); (citing *Godfrey v. Iowa*, 898 N.W.2d 844 (Iowa 2017) (holding constitutional claims asserting discrimination were preempted by the Iowa Civil Rights Act but also stating "The Iowa constitutional provision regarding due process of law . . . has traditionally been self-executing without remedial legislation for equitable purposes, and

there is no reason to think it is not self-executing for the purposes of damages at law."));
*see also Baldwin v. City of Estherville*, 915 N.W.2d 259, 265 (Iowa 2018) ("Last year, in *Godfrey*, we held that the State of Iowa and state officials acting in their official capacities could be sued directly for violation of article I, section 6 . . . and article I, section 9 . . . , where state law does not provide an adequate compensatory damage remedy."). Plaintiff asserts that, in the absence of authority from the Iowa Supreme Court holding otherwise, he is entitled to assert his Iowa constitutional claims directly against Smith. (*Id.*, at 5-6). Plaintiff suggests the parties will be better positioned to assess whether his constitutional claims are encompassed by the ITCA following the Iowa Supreme Court's answer to this Court's certified questions in *Wagner v. Iowa*, 19-CV-3007-CJW-KEM (July 29, 2019). (*Id.*, at 7). Plaintiff also raises two peripheral issues. First, plaintiff notes that, if he were only permitted to proceed against the State of Iowa on Count 2, he would not be entitled to punitive damages. (*Id.*, at 6). Second, plaintiff theorizes the State of Iowa may invoke the Eleventh Amendment and seek dismissal of Count 2 in this Court, thus forcing plaintiff to bring a separate action in state court. (*Id.*, at 7).

The Court declines to adopt plaintiff's interpretation of the law on this issue. The ITCA, by its own language, applies to *any claim* against the State of Iowa for money damages arising from the wrongful conduct of a state employee acting within the scope of their employment. IOWA CODE § 669.2(3)(b). This definition encompasses any claims under any state constitution. IOWA CODE § 669.21(1). Further, the very purpose of the ITCA is to substitute the State of Iowa as a defendant in the place of individual state employees. The Court would have to reject the fundamental purpose of the ITCA to follow plaintiff's interpretation. Due to the language of the ITCA and its purpose, the Court need not wait for a decision by the Iowa Supreme Court interpreting what is already clear; that the ITCA encompasses plaintiff's state constitutional claims here.

Moreover, the Iowa Supreme Court noted in part that direct claims against state employees as individuals are proper "where state law does not provide an adequate compensatory damage remedy." *Baldwin*, 915 N.W.2d at 265. The ITCA is an adequate compensatory damage remedy. That plaintiff will not be able to obtain punitive damages does not make his *compensatory* remedy any less adequate. Moreover, that plaintiff may potentially have to litigate part of his claims in state court does not persuade the Court that a direct claim against Smith on Count 3 is proper.

Thus, Smith's Partial Motion to Dismiss is **granted** on this issue (Doc. 15) and plaintiff's constitutional claims in Count 2 of his Amended Complaint (Doc. 13, at 6-7) are **dismissed** as to Smith.

## IV. CONCLUSION

For these reasons, the Court **grants** Smith's Partial Motion to Dismiss. (Doc. 15). As a result, Smith is dismissed as a defendant on Count 2 and Count 3 of plaintiff's Amended Complaint. (Doc. 13). Smith remains as a defendant on Count 1.

**IT IS SO ORDERED** this 6th day of May, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa