# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| BRYCE YAKISH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ROBERT SMITH and STATE OF IOWA,<br><br>　　　　Defendants. | Case No. C19-0120-KEM<br><br>**DEFENDANT STATE OF IOWA'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND** |

COMES NOW Defendant State of Iowa, through undersigned counsel, and for its Answer to Plaintiff's Amended Complaint and Jury Demand, states as follows:

## PARTIES

1. Defendant State denies the allegations of paragraph 1 for lack of information and knowledge upon which to form a belief.

2. Defendant State admits the allegations of paragraph 2.

3. Defendant State admits the allegations of paragraph 3.

## FACTUAL ALLEGATIONS

3. Defendant State denies that Plaintiff was headed towards Cedar Rapids from his home in Davenport for lack of information and knowledge upon which to form a belief.  Defendant State admits the remaining allegations of paragraph 3.

4. Defendant State denies the allegations of paragraph 4.

5. Defendant State admits the allegations of paragraph 5.

1

6. Defendant State denies the allegations of paragraph 6 for lack of information and knowledge upon which to form a belief.

7. Defendant State denies Plaintiff pulled straight ahead prior to stopping his motorcycle. Defendant State admits the remaining allegations of paragraph 7.

8. Defendant State admits some of the events at issue were captured on dashcam video but denies the implication the dashcam captures the events occurred as characterized by Plaintiff.

9. Defendant State denies Defendant Smith assaulted Plaintiff, and further denies the he intentionally knocked Plaintiff over and onto his motorcycle, on information and belief. Defendant State admits the remaining allegations of paragraph 9.

10. Defendant State denies Defendant Smith dragged Plaintiff, and further denies he placed his knee at the junction of Plaintiff's motorcycle helmet and neck. Defendant State admits the remaining allegations of paragraph 10.

11. Defendant State admits Defendant Smith charged Plaintiff with eluding. Defendant State denies the remaining allegations of paragraph 11.

12. Defendant State denies the allegations of paragraph 12.

13. Defendant State admits Defendant Smith did not turn on his police siren until after he had come off the interstate, upon information and belief. Defendant State denies the remaining allegations of paragraph 13.

14. Defendant State admits Defendant Smith did not turn on his siren until shortly before he was turning into the BP station. Defendant State denies the remaining allegations of paragraph 14.

15. Defendant State admits Defendant Smith took Plaintiff to the Cedar County Jail, where Plaintiff spent the night. Defendant State denies the remaining allegations of paragraph 15, including the blanket allegation that the "charges and arrest" of Plaintiff were false.

16. Defendant State denies Defendant Smith assaulted Plaintiff, and further denies the implication Plaintiff was unfairly forced to defend himself against criminal charges. Defendant State admits the remaining allegations of paragraph 16.

17. Defendant State denies Plaintiff lost his driver's license for lack of information and knowledge upon which to form a belief. Defendant State the blanket allegation that the charges against Plaintiff were false.

18. Defendant State denies Plaintiff required chiropractic treatment for a neck injury for lack of information and knowledge upon which to form a belief. Defendant State denies the remaining allegations of paragraph 18.

19. Defendant State admits Defendant Smith's written complaint included the statements listed in subparts *a* through *i* of paragraph 19, but denies the allegation the statements were false, upon information and belief.

20. Defendant State denies the allegations of paragraph 20 for lack of information and knowledge upon which to form a belief.

21. Defendant State admits the allegations of paragraph 21.

22. Defendant State admits the allegations of paragraph 22.

23. Defendant State admits the allegations of paragraph 23.

24. Defendant State admits the allegations of paragraph 24.

25. Defendant State admits the allegations of paragraph 25.

## CAUSES OF ACTION

### COUNT I

Defendant State provides no response to the allegations contained in this Count, as they are directed at Defendant Smith only.

### COUNT II

1. Defendant State denies Plaintiff's rights under the Iowa Constitution were violated, as enumerated in subparts *a* through *b* of paragraph 1.

2. Defendant State denies unlawful acts, and further denies Plaintiff suffered the damages claimed in paragraph 2.

3. Defendant State denies Plaintiff's rights under the Iowa Constitution were violated in any of the ways listed in subparts *a* through *e* of paragraph 3.

4. Defendant State admits Plaintiff brings his claim pursuant to the holding of *Godfrey v. State of Iowa*.

5. Defendant State denies Plaintiff's rights under the Iowa Constitution were violated, and further denies Plaintiff suffered the damages claimed in paragraph 5.

6. Defendant State denies Plaintiff is entitled to the damages claimed in paragraph 6.

7. The allegations of paragraph 7 require no response.

WHEREFORE, Defendant State of Iowa respectfully requests that Plaintiff's Amended Complaint and Jury Demand be dismissed with costs assessed to Plaintiff.

### COUNT III

1. Defendant State denies the allegations of paragraph 1.

2. Defendant State denies the allegations of paragraph 2.

3. Defendant State denies allegations of paragraph 3.

4. Defendant State denies Plaintiff may recover punitive damages on claims brought under the Iowa Tort Claims Act.

5. The allegations of paragraph 5 require no response.

WHEREFORE, Defendant State of Iowa respectfully requests that Plaintiff's Amended Complaint and Jury Demand be dismissed with costs assessed to Plaintiff.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant State and sets forth the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Defendants are shielded from liability by the doctrine of qualified immunity.

3. Plaintiff's claims are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny.

4. Plaintiff's claims are barred by the holding in *Malady v. Crunk*, 902 F.2d 10 (8th Cir. 1990) and its progeny.

5. Plaintiff has failed to mitigate his damages, if any.

6. Plaintiff may not recover either prejudgment interest or punitive damages on claims brought under the Iowa Tort Claims Act. Iowa Code § 669.4.

Respectfully submitted,

THOMAS J. MILLER
Attorney General of Iowa

/s/ NICHOLAS E. SIEFERT
NICHOLAS E. SIEFERT (AT0012993)
Assistant Attorney General
Special Litigation Division
Hoover Office Building
Des Moines, IA 50319
Telephone: (515) 281-6665
Fax: (515) 281-4902
Email: nick.siefert@ag.iowa.gov
ATTORNEY FOR DEFENDANTS

All parties served electronically.

**Proof of Service**
The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on this date: July 16, 2020.
☐ U.S. Mail ☐ Fax
☐ Hand Delivery ☐ Overnight Courier
☐ Email X Other: EDMS

Signature: /s/ Nicholas Siefert